MINUTE ENTRY
ROBY, M.J.
November 3, 2016

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MEDECISION, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  16-1639** |
| **GULF SOUTH QUALITY NETWORK – NEW ORLEANS, LLC** | **SECTION: "I" (4)** |

LAW CLERK:       Christian Chaney

Appearances:       **Andrew Lee** for Medecision, Inc.
　　　　　　　　　**Piercy Joseph Stakelum** for Gulf South Quality Network - New Orleans, L.L.C.

### ORDER

On this day, the Court was contacted concerning an objection arising during the 30(b)(6) Deposition of Gulf South Quality Network - New Orleans, L.L.C.("GSQN"). During the deposition, the Defendant objected to the Plaintiff either receiving or marking into evidence a document used by the witness during the deposition and used to prepare the witness for the deposition because the document was allegedly work-product. The Plaintiff argued that it was entitled to the document because it had been used by the witness for preparation and used to refresh the witness's memory.

After having the Court Reporter read back the relevant portion of the transcript, the Court determined that the following had occurred. During the deposition, the witness was asked about a particular tool used during the project. The witness answered that he was not sure of what tool was used, but offered to look at a document to determine the answer. When asked what document,

1

**MJSTAR: 00:14**

witness stated that he had a document. After receiving permission from Plaintiff's counsel—who was conducting the deposition—the witness apparently looked at the document and stated that he was doing so to refresh his memory. When asked what the document was, the witness stated that the document was a summary concerning the Cherokee Expert Report. The Plaintiff then attempted to mark the document as an exhibit. The Defendant objected arguing that the document was privileged work product.

After conducting a review of case law on the matter, the Court determined that the witness's use of the document *during* the deposition constituted a waiver of the work product privilege and that the Plaintiff was entitled to the document pursuant to Federal Rule of Evidence 612. *See In re Polyester Staple Antitrust Litig.*, No. 03-1516, 2005 U.S. Dist. LEXIS 40565, at *4-6 (W.D.N.C. Sept. 7, 2005).[1] Rule 612 is made applicable to depositions by way of Federal Rule of Civil Procedure 30(c). *Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*, No. 03-1496; 03-1664, 2004 WL 1237450, at *7 (E.D. La. June 2, 2004) (citing *Woodward v. Avondale Industries,* 2000 WL 385513 (E.D.La. April 14, 2000)). Therefore, the Court determined that the document would be subject to production. In the interest of justice considering the work product privilege, the Court further limited production to the two pages of the document actually used by the witness to refresh his memory.

Accordingly,

---

[1] Note, while there exists cases that deal with the production/identification under Rule 612 of documents used in preparation *prior* to a deposition, *see, e.g., In re Xarelto (Rivaroxaban) Products Liability Litig.*, 314 F.R.D. 397 (5th Cir. 2016), the Court was unable to find a case from the Fifth Circuit addressing the matter at issue here: the production of a document claimed to be privileged that was used *during* the deposition to refresh the witnesses memory. For this reason, the Court similar found the Defendant's citation to *Nutramax Labs., Inc. v. Twin Labs., Inc.*, 183 F.R.D. 458 (D. Md. 1998) to be inapposite; *Nutramax* discusses the identification of documents used in preparation *prior* to the deposition and not used *during* the deposition.

**IT IS ORDERED** that the Plaintiff is entitled to the pages actually reviewed by the witness during the deposition, and that the Defendant's objection to the production of these pages is **OVERRULED.**

New Orleans, Louisiana, this 3rd day of November 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**